UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT MARCEL,

                              Plaintiff,

               -against-                        21-CV-2729 (CM)

EMBASSY OF SOUND AND MEDIA                  ORDER
GmbH; KONRAD VON LOHNEYSEN;
NADINE WREDE,

                              Defendants.

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, a Canadian citizen domiciled in Canada, brings this *pro se* action under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), which provides a cause of action against any person who "knowingly materially misrepresents" that material infringes a copyright in order to use the DMCA's takedown notice procedures. Plaintiff brings this suit against Embassy of Sound and Music GmbH (Embassy), a German company, and two German individuals affiliated with Embassy. He alleges that Embassy sent bad faith takedown notices for music that Plaintiff owned to Spotify and other entities, causing TuneCore, LLC, in Brooklyn, New York, to terminate its relationship with Plaintiff. For the reasons set forth below, the Court directs Plaintiff to show cause why the Court should not transfer this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

       Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section,

any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Tuukka's Tracks KY (TTK), a Finnish limited partnership that is not a party to this action, acquired the rights to exploit certain music from Embassy, but Embassy disputes that there was a contract.[1] In August 2020, Plaintiff allegedly acquired TTK's entire music catalog, and on January 6, 2021, he released one of these songs for distribution. Embassy promptly sent takedown notices to Spotify, a Swedish corporation, and TuneCore, LLC, in Brooklyn, and Plaintiff disputed the takedown notice; after investigation, TuneCore, LLC, notified Plaintiff in March 2021, that it would not provide further distribution or YouTube monetization services to him.[2] Plaintiff contends that venue is proper in this district because Embassy's takedown notice was directed to TuneCore, which Plaintiff describes as "an LLC domiciled in Brooklyn, NY, and therefore within the jurisdiction of the SDNY." (ECF 2 at 5.)

---

[1] In Plaintiff's recent suit against Embassy, Google, and YouTube arising from this dispute, *Albert v. Embassy of Music GmbH*, No. 19-CV-6652 (N.D. Ca.), the district court granted Google's motion to dismiss the claims against it with prejudice and denied Plaintiff's motion to amend his complaint to name Embassy's attorney as a defendant. Embassy's attorney argued that Plaintiff had: (1) harassed and tried to extort Embassy, including under the alias Kyle Kennedy; (2) issued a fraudulent DMCA takedown notice to harm Embassy; (3) relied on forged documents as the basis for his claims; and (4) attempted a similar fraud scheme in 2013, under a different alias, *Beckely v. Raith et al.*, 3:13-CV-02707-WHA (N.D. Cal. 2013) (Alsup, J.). The Clerk declined to enter default judgment against Embassy as there was no sufficient proof of service of process (ECF No. 56). The claims against Embassy were dismissed without prejudice.

[2] In *Albert v. Sony Music Entertainment, Inc.*, ECF 1:16-CV-2859, 1 (CM) (S.D.N.Y.), Plaintiff alleged that Sony Music Germany denied that it had a contract with Plaintiff and refused to work with him. Plaintiff attaches to that complaint his email stating that the contracting entity would be "Marcel Albert aka Kyle Kennedy." (ECF 1 at 50-51.)

Plaintiff contends that venue is proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to his claim arose in Brooklyn, New York, which he appears to believe is within this district. Venue for an action under § 512(f) involving a foreign entity is not straightforward. *See, e.g.*, *Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008) (considering whether a takedown notice was sufficient basis for venue and noting that "[i]f plaintiff's theory of [personal] jurisdiction were upheld, then the Northern District of California could assert jurisdiction over every single takedown notice ever sent to YouTube . . . . Citizens around the world—from Indonesia to Italy, Suriname to Siberia—could all be haled into court in the San Francisco Bay area, California, USA, for sending off a fax claiming that a video clip is infringing. Federal courts sitting in California could assert personal jurisdiction over foreign defendants in wholly foreign disputes."). But it is clear that Brooklyn is within the jurisdiction of the Eastern District of New York, 28 U.S.C. § 112(c), and that venue for Plaintiff's federal claim is therefore not proper in this Court under § 1391(b)(2) on the basis that Plaintiff asserts.

For these reasons, the Court is inclined to transfer this case to the Eastern District of New York under 28 U.S.C. § 1406. The Court grants Plaintiff an opportunity to submit, within 30 days, a brief statement addressing whether this case should be transferred to the Eastern District of New York.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court grants Plaintiff an opportunity to submit, within 30 days, a brief statement addressing whether this case should be transferred to the Eastern District of New York. If Plaintiff fails to respond, or if his response fails to show cause why this action should not be transferred, the Court will transfer this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

Plaintiff's motion for reconsideration of the order directing him to sign the complaint (ECF No. 11) is denied as moot, as Plaintiff has submitted the requested declaration under penalty of perjury with his signature.  A summons shall not issue from this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 8, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|